IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sinaloa Hobson<br>6232 Gothic Lane<br>Bowie, Maryland 20720 | * |
| *Plaintiff* | * |
| Versus | Case No.:1:22-cv-01729 |
| | * |
| RATP DEV USA<br>3800 Sandshell Drive, Suite 180<br>Forth Worth, Texas 76137 | |
| And | * |
| D.C. Streetcar<br>2550 Benning Road, NE<br>Washington, D.C. 20002 | * |
| *Defendants* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO DEFENDANT D.C. STREETCAR'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Sinaloa Hobson, by and through her undersigned counsel Governor Jackson, III of the Law Office of Governor Jackson, III, L.L.C., in accordance with the Local Rules, this Court's Order, and in furtherance of her Opposition states as follows:

*Statement of Facts*

While this case was pending before the EEOC, counsel for the District of Columbia's Department of Transportation affirmed that Defendant D.C. Streetcar is a state-created governmental organization which falls under the auspices of the District of Columbia Department of Transportation (DDOT) and is contracted to be operated by Defendant RATP DEV USA (RATP); specifically, DDOT is the parent agency of D.C. Streetcar. *See* Document

16-1 at page 16 of 27 ["DDOT'S Position Statement and Request for Dismissal of DC Streetcar"]; *see also* Kravitz, Derek (October 24, 2010) "Details emerge for D.C. streetcars, set to begin in 2012". *The Washington Post*; Halsey III, Ashley (August 22, 2010) "D.C. Wants Streetcars to Roll By Mid-2013." *The Washington Post*; "D.C. Picks Firm to Run First Streetcar Line" *Washington Examiner* (July 12, 2012).

Based on this affirmation, and further given D.C. Streetcar's control over the essential terms and conditions of Plaintiff Hobson's employment during her tenure, Plaintiff filed the instant case naming Defendant D.C. Streetcar as a Defendant. *See generally* Complaint.

On August 25, 2022, Plaintiff Hobson filed a return of service against D.C. Streetcar with an accompanying affidavit by the private process server affirming that service was effectuated upon "Erska Turner as Safety Tech. for Everett Lott, Director of D.C. Department of Transportation [DDOT]" on August 24, 2022. *See* Document 19-1. On September 20, 2022, Plaintiff Hobson filed an affidavit in support of default given D.C. Streetcar's failure to timely respond to the Summons and Complaint. *See* Document 20. On September 22, 2022, the Clerk entered a default judgment against D.C. Streetcar. *See* Document 22.

*Legal Standard*

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations and facts in the complaint are to be construed in the plaintiff's favor, and the Court must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Federal Rules only require that a complaint include a "short and plain statement of the claim showing that the

pleader is entitled to relief," because the complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley, 355 U.S. at 47, 78 S.Ct. 99. In deciding whether to dismiss a complaint under Rule 12(b)(6), the Court will consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 (D.C. Cir. 1997); Phillips v. Bureau of Prisons, 591 F.2d 966, 969 (D.C. Cir. 1979).

Additionally, the decision to set aside an entry of default rests in the discretion of the district court and in exercising such discretion, a court must consider whether (1) the default was willful, (2) a vacatur would prejudice the plaintiff, and (3) the alleged defense was meritorious. Reading v. U.S., 506 F. Supp 2d 13 (2007)(citing Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980).

*Legal Argument*

The entry of default judgment against D.C. Streetcar shall not be set aside as service was proper as to this Defendant based on the factors which this court shall consider.

*First*, the default was willful given that the Defendant was properly served. Pursuant to Fed. R. Civ. P. 4(j)(2), a state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by either delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed.R.Civ.P. 4(j)(2). The District of Columbia Superior Court Rules of Civil Procedure also mandate that a state-created governmental organization must be served by "delivering a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed

by the court to the parties at the time of filing to its chief executive officer or serving the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *See* Superior Court Rule Civ. P. 4(j)(2)(A)-(B).  Here, a private processor affirmed that the corporation (i.e. "corporate" ) was served by delivering the Summons, Complaint, and other associated papers at the address for the Chief Executive Officer for DDOT, satisfying the requirement of Rule 4. Also, pursuant to Fed. Rule Civ. P.  5(b)(2)(B(i), service may be made by leaving the papers to be served in a conspicuous place in the office, which is what occurred here.

*Second*, setting aside the default would unduly prejudice Plaintiff given that co-Defendant RATPDev has filed a pending Motion to dismiss potentially barring Plaintiff from any means of recovery for her alleged violation of Title VII..

*Finally*, Defendant is not a governmental entity, but rather a network providing services operated by a third party agent (RATPDev) during Plaintiff's tenure. *See* Complaint; *see also* D.C. Code 50-921.71(1). ("DC Streetcar" means a local fixed guideway transit network offering rail passenger service operated by the District government *or its agent*."). Therefore, this Defendant is not immune from suit and shall be considered a joint employer.

In <u>Browning-Ferris Industries of California, Inc v. NLRB</u>, 911 F.3d 1195 (2018), the United States Court of Appeals for the District of Columbia Circuit held as follows regarding joint liability:

> In <u>NLRB v. Browning-Ferris Industries of Pennsylvania, Inc.</u>, 691 F.2d 1117 (3d Cir. 1982), the Third Circuit ruled that separate business entities are joint employers if they each "exert significant control over the same employees" in that they "share or co-determine those matters governing essential terms and conditions of employment," *id.* at 1124; *see also id.* at 1123… This court's test for joint-employer status, like that of a

number of other circuits, echoes the Third Circuit's standard, holding that "[t]wo separate entities may be joint employers of `a single * * * [work force] if they share or co-determine those matters governing [the] essential terms and conditions of employment,'" Dunkin' Donuts Mid-Atlantic Distrib. Ctr., Inc. v. NLRB, 363 F.3d 437, 440 (D.C. Cir. 2004) (quoting *Aldworth Co.,* 338 N.L.R.B. 137, 139 (2002)). *See also 3750* Orange Place Ltd. P'ship v. NLRB, 333 F.3d 646, 660 (6th Cir. 2003); Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302, 306 (1st Cir. 1993).

Additionally, in Nytes v. Trustify, Inc. and TriNet HR Corporation, 297 F.Supp. 3d 191 (2018), Judge Walton of this Court set forth the specific considerations of the Browning-Ferris test that should be the basis of a court's inquiry into joint liability, stating:

> "Under the Browning-Ferris test, the Court must determine whether defendant TriNet "retained for itself sufficient control of the terms and conditions of the [plaintiff's] employment [even though he was] employed by [Trustify],'" Redd v. Summers, 232 F.3d 933, 938 (D.C. Cir. 2000) (citation omitted), which "is essentially a factual issue," Nat'l Labor Relations Bd. v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1123 (3d Cir. 1982) (quoting Boire v. Greyhound Corp., 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964)). "Factors for the Court to consider under the Browning-Ferris test include: `[(1)] the alleged employer's authority to hire and fire the relevant employees; [(2)] the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; [(3)] the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and [(4)] the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.'" Miles v. Howard University[1], 83 F.Supp.3d at 117 (2015) (quoting In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig., 683 F.3d 462, 469 (3d Cir. 2012))." Nytes at 205.

*****************************************************

---

[1] In Miles v. Howard University, the Plaintiff alleged violations of the Family and Medical Leave Act ("FMLA") 29 U.S.C. §§ 2611-19 (2012), the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C.Code §§ 32-501 to -517 (2001), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to e-17 (2012), and the District of Columbia Human Rights Act ("DCHRA"), D.C.Code §§ 2-1401.01 to 1431.08 (2001). Judge Walton of this Court applied the *Browning-Ferris* test in his analysis of the Plaintiff's claim of joint employment finding that under this analysis, the Court must assess "whether one employer, while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." Miles at 118.

"The Browning-Ferris test is concerned with "control of the terms and conditions of [the plaintiff's] employment," Redd, 232 F.3d at 938, and although an employee's direct interactions with a joint employer could be probative of the joint employer's control over that employee, it does not necessarily follow that such interactions are required to establish control." *Id* at 206.

Here, as pled in the Complaint, factors two and three of the Browning-Ferris test weigh heavily in favor of the Plaintiff given the services, benefits, compensation, and general description regarding her job duties being promulgated by DC Streetcar, and being involved in day-to-day employee supervision, including employee discipline at the hands of Sean Revel which Plaintiff Hobson complained about to co-Defendant RATPDev. *See Complaint* at 9-20.

### *Conclusion*

For the reasons set forth in this Opposition, and based upon the points and authorities cited heretofore, Plaintiff Hobson respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

Governor E. Jackson, III /s/
Governor E. Jackson, III (Bar No. 1002797)
Law Office of Governor Jackson, III LLC
10 G Street NE, Suite 600
Washington, D.C. 20002
(410) 528-5150 (o)
(410) 528-1055 (f)
gjackson@governorjacksonlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2022, a copy of this Opposition to Defendant D.C. Streetcar's Motion to Dismiss was filed electronically and served upon all counsel of record.

Governor E. Jackson, III /s/