**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| SINALOA HOBSON, |
| Plaintiff, |
| v. |
| RATP DEV USA, *et al.*, |
| Defendants. |

Civil Action No. 22-1729 (CKK)

**MEMORANDUM OPINION**
(February 22, 2023)

Plaintiff Sinaloa Hobson brings claims of discrimination against Defendants RATP Dev USA ("RATP") and DC Streetcar. Plaintiff was an employee of RATP from April 27, 2020 until her termination on May 7, 2021. Compl. ¶¶ 9, 19. She alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, through gender discrimination (Count I), gender-based hostile work environment (Count II), and retaliation (Count III). Compl. at 12–18. Pending before the Court is Defendant RATP's [16] Motion to Dismiss. Defendant RATP argues that Plaintiff failed to timely exhaust her administrative remedies against RATP, as required by Title VII, and that she otherwise fails to state a claim against RATP for each of her three counts. *See* Def.'s Mot. at 1.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Compl. ("Compl."), ECF No. 1;
- Def. RATP DEV USA's Mot. to Dismiss ("Def.'s Mot."), ECF No. 16;
- Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 20; and
- Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss ("Def.'s Reply"), ECF No. 21.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

purposes of this motion, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's claims against RATP Dev USA.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiff Sinaloa Hobson is an African-American female.  Compl. ¶ 1.  On April 15, 2020, she was extended a written offer of employment for the position of Maintenance Supervisor at RATP to begin on April 27, 2020.  *Id.* ¶ 9.  Throughout 2020, she was never counseled, disciplined, or reprimanded for failing to perform any assigned duties at work.  *Id.* ¶ 10.  On February 4, 2021, she received a document from Sean Revel, Maintenance Director, entitled "Maintenance Supervisor Expectations" with specific directives addressing her expected conduct.  *Id.*  On March 6, 2021, Plaintiff received a letter from Revel "regarding [her] performance as Maintenance Supervisor" taking issue with her "ability to get tasked [sic] done," her "need[] to improve," and that "no significant improvements have been done."  *Id.* ¶ 11. Plaintiff was told to complete an Individual Development Plan, which she did by the assigned deadline; she did not receive any response, feedback, or request to meet from Revel.  *Id.*

On April 15, 2021, Plaintiff sent a letter to Karyn Bess, who worked in the Human Resources Department for RATP.  *Id.* ¶ 12.  Plaintiff's letter began by stating that Revel "is overly critical, he badgers me, he bully's [sic] me…."  *Id.*  She explained that Revel "discussed my short comings in front of another supervisor (Anthony) laughed and slapped five with Anthony which made me feel like I was not one of the boy's [sic]."  *Id.*  She continued that

Revel "has not been very supportive, yet he flaunts his relationship at work with a female co-worker… as if I'm next so I'd better conform to what he says in order to keep my job," and that said female co-worker "does him sexual favors" and that they have "demonstrate[d] inappropriate behavior which made me uncomfortable." *Id.* She added that "[t]hings are out of hand and a internal investigation needs to be carried out." *Id.* Plaintiff continued to describe that she "work[s] in a toxic environment," among other complaints. *Id.* On April 28, 2021, after failing to receive a response from Bess, Plaintiff emailed Bess asking if she would "be taking the lead on [her] complaint," to which Bess replied that she was on vacation but would be working on Plaintiff's concern. *Id.* ¶ 13.

On April 30, 2021, Plaintiff received an email from Revel that included a list of "duties and expectations," many of which varied from those outlined in her job description upon hiring. *Id.* ¶ 14. Plaintiff alleges that her male co-worker in the same position, Anthony Peregrina, did not receive such a list. *Id.* On May 3, 2021, Plaintiff followed up with Bess again via email. *Id.* ¶ 15. The same day, Plaintiff informed Revel that her aunt out of town had passed away and that she would provide details about the arrangements at a later date. *Id.* The following day, May 4, 2021, Revel emailed Plaintiff about beginning performance evaluations. *Id.* On May 5, 2021, Plaintiff again followed up with Bess via email, writing that Revel "is making life for me here at DC Streetcar very difficult" and that he was scheduling meetings on her days off. *Id.* ¶ 16. Bess replied that she was still on vacation but was reviewing Plaintiff's concerns. *Id.* ¶ 17. During this time period, Plaintiff intermittently received emails from Revel commending her on her ability to meet expectations, which gave her the impression that she was meeting expectations. *Id.* ¶ 18.

On May 7, 2021, Plaintiff was terminated from her position. *Id.* ¶ 19. She received a

letter explaining that her "performance has continued to fall below expectations." *Id.* Plaintiff's position was filled by a male, and Peregrina remains employed. *Id.* Plaintiff sought mental health treatment based on the effects of the discriminatory and hostile treatment against her by Revel. *Id.* ¶ 20.

On June 15, 2021, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 531-2021-02421, against DC Streetcar. *See* Def.'s Mot. Ex. 4. On March 10, 2022, she amended that Charge to add RATP as Amended Charge No. 531-2021-02421. *See* Def.'s Mot. Ex. 6. Then on April 19, 2022, she filed a new Charge of Discrimination with the EEOC, Charge No. 570-2022-01797, only against RATP. *See* Def.'s Mot. Ex. 7.

Plaintiff Sinaloa Hobson filed her [1] Complaint on June 16, 2022 against Defendants RATP DEV USA and DC Streetcar. She filed this Complaint within 90 days of the receipt of Notice of Right to Sue letters from the EEOC regarding Charge Nos. 531-2021-02421 and 570-2022-01797. Compl. ¶ 5. Plaintiff alleges gender discrimination (Count I), gender-based hostile work environment (Count II), and retaliation (Count III), all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 12–18. Defendant RATP filed the pending [16] Motion to Dismiss on August 16, 2022. Defendant argues that that Plaintiff failed to timely exhaust her administrative remedies against RATP, as required by Title VII, and that she otherwise fails to state a claim against RATP for each of her three counts. *See* Def.'s Mot. at 1. That Motion is fully briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A]

4

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Motions to dismiss for failure to exhaust administrative remedies are properly addressed as motions to dismiss for failure to state a claim.  *See Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 (D.D.C. 2008) (RJL).  A defendant bears the burden of proving that the plaintiff failed to exhaust administrative remedies by a preponderance of the evidence.  *E.g.*, *Hudson v. Children's Nat. Med. Ctr.*, 645 F. Supp. 2d 1, 4 (D.D.C. 2009) (RMU) (citing *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)).

### III. DISCUSSION

Defendant RATP argues that Plaintiff failed to timely exhaust her administrative remedies and otherwise fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court finds that Plaintiff failed to timely exhaust her administrative remedies and therefore her claims against RATP must be dismissed.  The Court therefore does not reach the issue of whether Plaintiff otherwise fails to state a claim as to each of her Title VII claims.

#### A. Plaintiff's EEOC Charges

While a court typically cannot consider materials outside the pleadings when deciding a motion to dismiss without converting it to a motion for summary judgment, Fed. R. Civ. P. 12(d), it can "consider documents attached to or incorporated by the complaint in deciding a Rule

12(b)(6) motion without converting the motion into one for summary judgment" including documents referenced or cited to in a complaint.  *Marcelus*, 540 F. Supp. 2d at 235 (citing *U.S. Equal Emp'ment Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 n. 3 (D.C. Cir. 1997)); *see also Peters v. D.C.*, 873 F. Supp. 2d 158, 179 n. 20 (D.D.C. 2012) (BAH) (citing Fed. R. Civ. P. 12(d)) ("[D]ocuments that are referenced in, or are an integral part of the complaint are deemed not 'outside the pleadings.'"); *Kruger v. Cogent Comms., Inc.*, 174 F. Supp. 3d 75, 78 (D.D.C. 2016) (EGS).  A court may also take judicial notice of EEOC Charges, they are public documents.  *See Ahuja v. Detica, Inc.*, 742 F. Supp. 2d 96, 101–02 (D.D.C. 2001) (CKK).

In Plaintiff's Complaint, she refers to "EEOC Charge Nos. 531-2021-02421 and 570-2022-01797".  Compl. ¶ 5.  Accordingly, the Court will consider Charge No. 531-2021-02421, Amended Charge No. 531-2021-02421, and Charge No. 570-2022-01797 when resolving the pending motion.  Defendant attached these Charges to its Motion to Dismiss: Exhibit 4 is EEOC Charge No. 531-2021-02421, filed June 15, 2021; Exhibit 6 is the First Amended Charge for No. 531-2021-02421, filed March 10, 2022; and Exhibit 7 is EEOC Charge No. 570-2022-01797. *See* Def.'s Mot. Exs. 4, 6, 7.

**B. Title VII Standard for Timely Exhaustion of Administrative Remedies**

Before suing under Title VII, a plaintiff must exhaust all administrative remedies.  *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 210–11 (2010); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998).  More specifically, Title VII of the Civil Rights Act of 1964 requires that a "plaintiff file a charge with the Equal Employment Opportunity Commission (EEOC) either 180 or 300 days 'after the alleged unlawful employment practice occurred.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (citing 42 U.S.C. § 2000e–

5(e)(1)).

"Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the responsibility of pleading and proving it."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985)); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95–96 (1990).  While the exhaustion requirement "should not be construed to place a heavy technical burden" on the Title VII plaintiff, it is not "a mere technicality."  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotations marks omitted).  This is because the exhaustion requirement serves the salutary purposes of (1) providing an opportunity for the administrative investigation of the claimant's allegations; (2) affording the charged party prompt notice of those allegations; (3) promoting the informal resolution of claims; and (4) ensuring the preservation of evidence relating to the claimant's allegations.  *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1376 (D.C. Cir. 2008); *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 276 (D.D.C. 2011) (JDB).  In recognition of the importance of these interests, "[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process."  *Park*, 71 F.3d at 907. In other words, a plaintiff who "fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."  *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985).

### C. Plaintiffs' EEOC Charges

Here, all parties agree that the 300-day, rather than the 180-day, deadline applies.  *See* Def.'s Mot. at 4; Pl.'s Mot. at 9; *see also Lee v. D.C.*, 733 F. Supp. 2d 156, 160 (D.D.C. 2010) (RMU) (explaining 300-day time limitation in D.C.).  The last discriminatory act of which Plaintiff complains occurred on May 7, 2021, when she was terminated.  *See* Compl. ¶ 19; Def.'s Mot. Ex. 4.  That would make the March 3, 2022 the last day that Plaintiff could timely file a

charge with the EEOC.

Plaintiff filed a Charge of Discrimination with the EEOC on June 15, 2021 identifying DC Streetcar as the only named "employer" who discriminated against her, although the form invites complainants to identify "more than one" employer if necessary.  *See* Def.'s Mot. Ex. 4. On March 10, 2022, she amended that Charge to add RATP.  *See* Def.'s Mot. Ex. 6.  Then on April 19, 2022, she filed a new Charge of Discrimination against only RATP.  *See* Def.'s Mot. Ex. 7.  Plaintiff's June 15 Charge against DC Streetcar was timely; however, her March 10 Amended Charge and April 19 Charge against RATP were filed *after* the 300-day deadline.

Plaintiff argues that RATP was on notice within the required 300-day window and therefore her filing was timely.  She contends that because she sent "written and email correspondence on three separate occasions" to RATP's Human Resources Department, specifically Karyn Bess, "protesting discriminatory and harassing behavior," RATP "knew or should have known of the alleged unlawful conduct and failed to take corrective measures within its control."  Pl.'s Opp'n at 8.  Plaintiff continues that she "immediately reported the offending Title VII violations to RATP prior to promptly filing a charge regarding the same allegations with the EEOC within the proscribed time period."  *Id.* at 9.  The "charge" to which Plaintiff refers is the June 15, 2021 Charge against DC Streetcar.

The Court finds Plaintiff's contentions to be without merit.  The D.C. Circuit has stated that leniency cannot be used "to read out of the statute the administrative procedures with which a prospective plaintiff must comply."  *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1434 (D.C. Cir. 1988).  There may be circumstances under which "an EEOC charge and right to sue notice against one party might provide notice to another related party sufficient to satisfy the plaintiff's duty to comply with the legislatively mandated administrative

prerequisites to suit." *Id.*; *see also E.E.O.C. v. Metzger*, 824 F. Supp. 1, 3–4 (D.D.C. 1993) (CRR) ("[I]ndividuals not named in the EEOC charge may not be sued in a subsequent civil action unless they have been given actual notice of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC."). The unnamed party must have been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *U.S. Equal Emp'ment Opportunity Comm'n v. Sol Mexican Grill, LLC*, 415 F. Supp. 3d 5, 15 (D.D.C. 2019) (CKK). As relevant here, "[c]ourts have found that simply being the parent company of a subsidiary that is named in the EEOC charge is not enough to find that a plaintiff has exhausted her administrative remedies against the unnamed parent company." *Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 244 (D.D.C. 2015) (collecting cases).

Plaintiff alleges that RATP operated in some parental capacity to DC Streetcar. Per Plaintiff's Complaint, RATP Dev USA, who manages and operates transit systems throughout the United States, "collaborated with and provided economic and personnel resources to co-Defendant DC Streetcar for the purposes of funding, financing, and otherwise operating DC Streetcar in the District of Columbia." Compl. ¶ 2. Plaintiff explains further that "RATP Dev USA delegated the promulgation and enforcement of standard operating procedures, employee responsibilities (including supervisor responsibilities), employee training, employee management, and employee oversight solely to the agents, servants, and employees of co-Defendant DC Streetcar." *Id.* Plaintiff states that "Defendant DC Streetcar is a subsidiary of RATP Dev USA." *Id.* ¶ 3.

However, Plaintiff has not alleged any facts to suggest that RATP was aware of the EEOC Charge. Plaintiff fails to allege that RATP had notice of the EEOC Charge filed on June 15, 2021 or that RATP participated in any discussions or proceedings related to her EEOC

Charge prior to the untimely filing of an Amended Charge on March 10, 2022.  Plaintiff only contends that RATP had notice of the allegedly discriminatory behavior because of her communications with Bess in RATP's Human Resources Department.  Pl.'s Opp'n at 8–9.  But notice of allegedly discriminatory conduct and notice of an EEOC Charge are not the same.

The Court finds that RATP did not have notice of the EEOC Charge prior to the 300-day deadline required by Title VII.  Accordingly, the Court finds that Plaintiff did not timely exhaust her administrative remedies against RATP.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant RATP Dev USA's [16] Motion to Dismiss and DISMISSES all claims against RATP Dev USA.  An Order shall accompany this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge