## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SINALOA HOBSON,

      Plaintiff,

    v.

RATP DEV USA, *et al.*,

      Defendants.

Civil Action No. 22-1729 (CKK)

## <u>MEMORANDUM OPINION</u>
(February 22, 2023)

Plaintiff Sinaloa Hobson brings claims of discrimination against Defendants RATP Dev USA and DC Streetcar. Plaintiff was an employee of RATP Dev USA from April 27, 2020 until her termination on May 7, 2021. Compl. ¶¶ 9, 19. She identifies DC Streetcar as a subsidiary of RATP Dev USA. *Id.* ¶ 3. Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, through gender discrimination (Count I), gender-based hostile work environment (Count II), and retaliation (Count III). Compl. at 12–18.

Now pending before the Court is Defendant DC Streetcar's [24] Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Complaint. Defendant DC Streetcar argues that the default should be set aside as DC Streetcar was not properly served. Def.'s Mot. at 4. Next, Defendant argues that Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(5), as Defendant was not properly served and is *non sui juris*, as well as under Rule 12(b)(6), as DC Streetcar was not Plaintiff's employer, as is required by Title VII. *Id.* at 5–6. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Compl. ("Compl."), ECF No. 1;

of this motion, the Court GRANTS Defendant DC Streetcar's Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Complaint and DISMISSES Plaintiff's claims against DC Streetcar.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged."  *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiff Sinaloa Hobson is an African-American female.  Compl. ¶ 1.  On April 15, 2020, she was extended a written offer of employment for the position of Maintenance Supervisor at RATP to begin on April 27, 2020.  *Id.* ¶ 9.  According to Plaintiff, Defendant DC Streetcar is a subsidiary of RATP, *id.* ¶ 3, and the District of Columbia Department of Transportation ("DDOT") is the parent agency of DC Streetcar, *see* Def.'s Mot. at 5.

Throughout 2020, Plaintiff was never counseled, disciplined, or reprimanded for failing to perform any assigned duties at work.  *Id.* ¶ 10.  On February 4, 2021, she received a document from Sean Revel, Maintenance Director, entitled "Maintenance Supervisor Expectations" with specific directives addressing her expected conduct.  *Id.*  On March 6, 2021, Plaintiff received a letter from Revel "regarding [her] performance as Maintenance Supervisor" taking issue with her

---

- Def. DC Streetcar's Mot. to Set Aside Entry of Default and to Dismiss ("Def.'s Mot."), ECF No. 24;
- Pl.'s Opp'n to Mot. to Set Aside Entry of Default and to Dismiss ("Pl.'s Opp'n"), ECF No. 25; and
- Def.'s Reply to Pl.'s Opp'n to Mot. to Set Aside Entry of Default and to Dismiss ("Def.'s Reply"), ECF No. 26.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

"ability to get tasked [sic] done," her "need[] to improve," and that "no significant improvements have been done." *Id.* ¶ 11.  Plaintiff was told to complete an Individual Development Plan, which she did by the assigned deadline; she did not receive any response, feedback, or request to meet from Revel. *Id.*

On April 15, 2021, Plaintiff sent a letter to Karyn Bess, who worked in the Human Resources Department for RATP. *Id.* ¶ 12.  Plaintiff's letter began by stating that Revel "is overly critical, he badgers me, he bully's [sic] me…." *Id.*  She explained that Revel "discussed my short comings in front of another supervisor (Anthony) laughed and slapped five with Anthony which made me feel like I was not one of the boy's [sic]." *Id.*  She continued that Revel "has not been very supportive, yet he flaunts his relationship at work with a female co-worker… as if I'm next so I'd better conform to what he says in order to keep my job," and that said female co-worker "does him sexual favors" and that they have "demonstrate[d] inappropriate behavior which made me uncomfortable." *Id.*  She added that "[t]hings are out of hand and a internal investigation needs to be carried out." *Id.*  Plaintiff continued to describe that she "work[s] in a toxic environment," among other complaints. *Id.*  On April 28, 2021, after failing to receive a response from Bess, Plaintiff emailed Bess asking if she would "be taking the lead on [her] complaint," to which Bess replied that she was on vacation but would be working on Plaintiff's concern. *Id.* ¶ 13.

On April 30, 2021, Plaintiff received an email from Revel that included a list of "duties and expectations," many of which varied from those outlined in her job description upon hiring. *Id.* ¶ 14.  Plaintiff alleges that her male co-worker in the same position, Anthony Peregrina, did not receive such a list. *Id.*  On May 3, 2021, Plaintiff followed up with Bess again via email. *Id.* ¶ 15.  The same day, Plaintiff informed Revel that her aunt out of town had passed away and that

she would provide details about the arrangements at a later date.  *Id.*  The following day, May 4, 2021, Revel emailed Plaintiff about beginning performance evaluations.  *Id.*  On May 5, 2021, Plaintiff again followed up with Bess via email, writing that Revel "is making life for me here at DC Streetcar very difficult" and that he was scheduling meetings on her days off.  *Id.* ¶ 16.  Bess replied that she was still on vacation but was reviewing Plaintiff's concerns.  *Id.* ¶ 17. During this time period, Plaintiff intermittently received emails from Revel commending her on her ability to meet expectations, which gave her the impression that she was meeting expectations. *Id.* ¶ 18.

On May 7, 2021, Plaintiff was terminated from her position.  *Id.* ¶ 19.  She received a letter explaining that her "performance has continued to fall below expectations."  *Id.*  Plaintiff's position was filled by a male, and Peregrina remains employed.  *Id.*  Plaintiff sought mental health treatment based on the effects of the discriminatory and hostile treatment against her by Revel.  *Id.* ¶ 20.

Plaintiff Sinaloa Hobson filed her [1] Complaint on June 16, 2022 against Defendants RATP Dev USA and DC Streetcar.  Plaintiff alleges gender discrimination (Count I), gender-based hostile work environment (Count II), and retaliation (Count III), all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Compl. at 12–18.

On August 25, 2022, Plaintiff filed an [19] Affidavit of Service stating that DC Streetcar was served with process on August 24, 2022.  The return of service, signed by a private process server, indicates that service was to be made on "Everett Lott, Director of D.C. Department of Transportation" and that "CORPORATE served by delivering [the required materials] to: Erska Turner as Safety Tech. for Everett Lott… at the address of: 250 M Street, SE, Washington, DC 20003."  Affidavit of Service, ECF No. 19 at 3.  On September 20, 2022, Plaintiff filed an [22]

Affidavit for Default against DC Streetcar claiming that Defendant was served with process but had yet to enter an appearance nor file a pleading.  The Clerk of Court therefore entered a [23] Default against DC Streetcar on September 22, 2022.

Defendant DC Streetcar then filed the pending [24] Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Complaint on September 27, 2022.  Defendant DC Streetcar argues that the default should be set aside as DC Streetcar was not properly served.  Def.'s Mot. at 4. Next, Defendant argues that Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(5), as Defendant was not properly served and is *non sui juris*, as well as under Rule 12(b)(6), as DC Streetcar was not Plaintiff's employer, as is required by Title VII.  *Id.* at 5– 6.  That Motion is fully briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

### A. Rule 55(c)

A court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  "In determining whether or not to set aside a default, a court must consider: (1) the willfulness of the respondent's default, if any; (2) whether there is any prejudice to the petitioner; and (3) the merit of respondent's alleged defenses."  *Enka Insaat Ve Sanayi A.S. v. Gabonese Republic*, 406 F. Supp. 3d 84, 87 (D.D.C. 2019) (CKK) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).  "On a motion for relief from the entry of default… all doubts are resolved in favor of the party seeking relief."  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  The decision to set aside a default is within the discretion of the trial judge.  *See Keegel*, 627 F.2d at 373.

### B. Rule 12(b)(5)

A court ordinarily may not exercise personal jurisdiction over a party named as a

defendant in the absence of service of process or waiver of service by the defendant.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a… court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court... asserts jurisdiction over the person of the party served.")).  Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice.  *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (RMU); see also *Simpkins v. D.C.*, 108 F.3d 366, 369 (D.C. Cir. 1997).  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law."  *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

### III. DISCUSSION

Defendant first moves to set aside the entry of default against it under Federal Rule of Civil Procedure 55(c).  Defendant then moves to dismiss Plaintiff's Complaint for insufficient service of process under Rule 12(b)(5), arguing DC Streetcar was never properly served and is *non sui juris*, as well as for failure to state a claim under Rule 12(b)(6).

The Court will grant Defendant's Motion to Set Aside Entry of Default.  The Court will also grant Defendant's Motion to Dismiss on the grounds that DC Streetcar is *non sui juris* and therefore does not analyze Defendant's arguments under Rule 12(b)(6).

### A. Setting Aside Default

Defendant has moved to set aside the Clerk's September 22, 2022 entry of default. *See* Entry of Default, ECF No. 23. As explained above, courts consider three factors under Rule 55(c) when determining whether to set aside an entry of default: (1) the willfulness of the default, (2) the prejudice to the plaintiff, and (3) the availability of a meritorious defense. *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011). The Court finds that Defendant has presented compelling arguments under each factor and has therefore established "good cause" for the Court to set aside the entry of default against them under Rule 55(c).

### 1. Willfulness of Default

First, Defendant argues that their default was not willful because Plaintiff did not properly effectuate service of process upon them. *See* Def.'s Mot. at 4; Fed. R. Civ. P. 4. Where service is challenged, as here, the plaintiff bears the burden to demonstrate proof of proper service. *See Light*, 816 F.2d at 751.

Plaintiff argues that Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(j)(2). *See* Pl.'s Opp'n at 3. However, such rule applies only to the enumerated entities that are "subject to suit." Fed. R. Civ. P. 4(j)(2). "In the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Kundrat v. D.C.*, 106 F. Supp. 2d 1, 7 (D.D.C. 2000) (RMU) (internal quotation and citation omitted); *see also id.* at 5 (listing various District of Columbia agencies that are *non sui juris*). Case law is clear that DDOT is *non sui juris* and may not be sued. *Gurara v. D.C.*, 881 F. Supp. 2d 143, 145 n.1 (D.D.C. 2012) (RC). DDOT is the parent agency of DC Streetcar. *See* Def.'s Mot. at 5. The D.C. Code explains that DDOT was established "as an agency within the executive branch of the government of the District of Columbia to improve the District's

economic competitiveness and quality of life by planning, coordinating, and operating the transportation system, including… DC Streetcar."  D.C. Code § 50-921.01; *see also id.* § 50-921.71(1) (defining DC Streetcar as "a local fixed guideway transit network offering rail passenger service operated by the District government or its agent").  Therefore, as DC Streetcar's parent agency DDOT is *non sui juris*, and in the absence of any statutory authority enabling DC Streetcar itself to sue or be sued, *see* § 50-921.71 *et seq.*, it, too, is also *non sui juris*.

The Court therefore finds that Plaintiff has failed to carry the burden of effectuating proper service on DC Streetcar, and, as Plaintiff did not properly effectuate service, Defendant's default was not willful.

### 2.   Prejudice to Plaintiff

Second, the Court does not find that setting aside the Clerk's entry of default will effectuate prejudice upon Plaintiff.  "[I]n evaluating the prejudice to a plaintiff in setting aside a default, a court should consider not the mere fact of delay but rather any effects the delay may have on the plaintiff, such as the loss of evidence or increased difficulties in obtaining discovery."  *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Bristol Manor Healthcare Ctr., Inc.*, 307 F.R.D. 37, 42 (D.D.C. 2014) (RC).

Here, the minor delay in Defendant's response to Plaintiff's Complaint has not caused any appreciable threat to the collection of evidence or discovery in this case, particularly considering Defendant's dispositive defense to Plaintiff's claims, discussed below. Consequently, the Court finds that setting aside the entry of default against Defendant will not itself cause prejudice to Plaintiff.

### 3. Availability of Meritorious Defense

Finally, as referenced above, Defendant has asserted meritorious defenses to Plaintiff's complaint. For the purposes of setting aside an entry of default, "the movant is not required to prove a defense, but only to assert a defense that it may prove at trial." *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995). Here, Defendant has asserted numerous defenses that could each be plausibly proven at trial, *see* Defs.' Mot. at 5–6, including a defense which, as explained herein, compels the dismissal of this action.

*       *       *

For the reasons set forth above, the Court finds "good cause" to set aside the Clerk's entry of default against Defendant DC Streetcar. Fed. R. Civ. P. 55(c).

### B. Defendant as *Non Sui Juris*

Next, having set aside the Clerk's entry of default against Defendant, the Court considers Defendant's Motion to Dismiss Plaintiff's Complaint. Defendant argues that Plaintiff cannot maintain a claim against DC Streetcar because it is *non sui juris*. Def.'s Mot. at 5. As explained above in Section III.A.1., DC Streetcar is not a suable entity, nor is its parent, DDOT. Therefore, Plaintiff's claims against DC Streetcar must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant DC Streetcar's [24] Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Complaint. The Court DISMISSES all claims against DC Streetcar. An Order shall accompany this Memorandum Opinion.

_____/s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge